PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JESÚS RAMOS, Defendant and Appellant.

No. 3596.   Argued February 5, 1929.—Decided February 13, 1929.

*Dubón & Ochoteco* for the appellant.   *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Section 2 of Act No. 25 of June 10, 1921, Session Laws of that year, page 166, provides as follows:

"That every loaf of bread sold or offered or exposed for sale in Porto Rico, shall be wrapped in a paper bag labeled in plain and intelligible Spanish with the correct weight and the name of the manu-

facturer; *Provided,* That upon the taking effect of this Act the Chief of the Bureau of Weights and Measures shall establish reasonable variations or tolerances as to the weight of the loaves appearing on the labels thereof.''

Section 2, *supra,* not only requires that the wrapper be marked in intelligible Spanish, but that the correct weight be placed on the wrapper. We have no question that the facts charged in the complaint fall within the offense denounced by the statute and the case of *People* v. *Mayagüez Sugar Co.,* 37 P.R.R. 106, is not applicable.

The second and fourth assignments may be treated together. They are as follows:

''Second Error: The District Court for the Judicial District of San Juan, P. R., committed manifest error in overruling the motion for nonsuit presented by the defendant herein.''

''Fourth Error: And finally the court below committed manifest error in finding the defendant guilty of violating the Act of Weights and Measures, approved by the Legislature on June 11, 1921.''

As defendant submitted his proof we only have to consider whether the total evidence is sufficient for a conviction.

The defendant on the witness stand expressed some surprise at the form the evidence was taking, but we can not hold that he had a right to be so surprised. The complaint sufficiently charged the offense and there are other indications in the record that defendant knew what the inspector was doing when the bread was weighed and what duty he was charged with having violated, namely, of marking his bread falsely. He came to the trial offering to weigh the bread.

The third assignment of error is as follows:

''The court below committed manifest error in denying to the defendant the opportunity of weighing over in a Standard scale of the Government of Porto Rico the bread offered in evidence, in order to show that its weight corresponded to the label appearing on the wrapper.''

As the defendant at the trial did not have the scales or

means at hand to weigh the bread the court was right in deciding discretionally that the offer made after the government had rested its case came too late. The defendant should have been ready to present his evidence.

The judgment should be affirmed.